IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:06-CR-54 |
| | ) | |
| JAMES ALLEN JONES | ) | |

## **MEMORANDUM AND ORDER**

This criminal case is before court on the defendant's Motion for Revocation of Detention Order [doc. 30]. The defendant states that he is relying on the evidence and argument presented at the detention hearing. The court has reviewed *de novo* the defendant's pretrial report and the transcript of the detention hearing, and concludes that detention pending trial is appropriate in this case.

The court has reviewed the factors to be considered when determining whether there are any conditions of release which would reasonably assure the appearance of the defendant and the safety of the community. First, the charged offense is 18 U.S.C. § 922(g)(1) (felon in possession of a firearm). The defendant was found to be in possession of an unloaded shotgun and a "movie gun" while traveling through the Great Smoky Mountains National Park.

Thus, the offense is not a crime of violence. The weight of evidence against the defendant is substantial.

Second, the defendant's personal and criminal history weigh against release. The defendant has an extensive criminal history involving several felonies and three escapes and one fugitive-from-justice charge. He has outstanding warrants in Georgia, North Carolina and South Carolina. Although the warrants in Georgia and North Carolina apparently are non-extraditable, the warrant in South Carolina is based on a felony charge, and South Carolina informed the pretrial services officer that they would have him taken into custody if he were to be released by this court.

The defendant also does not have a stable personal history. He and his wife move around doing tile work, and presently they are living in a rented mobile home in Sevier County, Tennessee. They have no ties to the community and only an expectation of some tile work in the area. Further, although the defendant asked the court to place him in the third-party custody of his wife, their marriage does not appear to be particularly stable either given the fact that he was arrested in the company of another woman. Finally, the defendant has suffered some serious health problems for which he is deeply in debt.

While there is no evidence that the defendant would be a danger to any person or the community if he was to be released, the defendant has not presented any clear or convincing evidence that there are any conditions of

2

release which would reasonably assure the appearance of the defendant. The court finds that third-party custody of his wife, even with electronic monitoring, would not be sufficient to guarantee his appearance as required by the court given the defendant's personal situation and his past criminal record. Furthermore, even if this court was to set conditions of bond, he would not be released because of the South Carolina felony warrants.

Therefore, for these reasons, it is hereby **ORDERED** that the defendant's motion is **DENIED**, and the defendant shall remain in detention pending trial.

ENTER:

    *s/ Leon Jordan*    
United States District Judge