UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:06-CR-54 |
| | ) | (JORDAN/SHIRLEY) |
| JAMES ALLEN JONES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. The parties appeared before the undersigned on October 12, 2006, for a hearing on the Motion To Withdraw as Counsel [Doc. 33], filed on October 2, 2006, by Attorney Jonathan A. Moffatt, appointed counsel for Defendant. Mr. Moffatt was present for Defendant, who was also present. Assistant United States Attorney Robert E. Simpson appeared on behalf of the government.

The Court conducted a sealed, *ex parte* hearing with Defendant and Mr. Moffatt in order to determine the extent of any conflict between them. Without going into the confidential and private nature of that discussion, the Court concluded that good cause exists to allow Mr. Moffatt to withdraw and to appoint new counsel for Defendant. The Court finds that there has been a complete breakdown in communications between Defendant and counsel. Because of the conflict between Defendant and counsel, Defendant's trust in Mr. Moffatt has been seriously eroded or

1

eliminated. The loss of trust in the attorney-client relationship has compromised beyond repair Mr. Moffatt's ability to present an adequate defense and to render effective assistance of counsel. The Court also finds that Defendant has decided not to retain new counsel.

Having conducted a hearing as to the appropriate factors set forth in <u>United States v. Iles</u>, 906 F.2d 1122, 1130 (6th Cir. 1990), and applying those to this case, I find that good cause exists to grant defense counsel's Motion To Withdraw as Counsel [**Doc. 33**], the same is **GRANTED**, and Mr. Moffatt is relieved as counsel for Defendant. <u>See</u> <u>Wilson v. Mintzes</u>, 761 F.2d 275, 280 (6th Cir. 1985) (holding that a defendant seeking to substitute counsel must show good cause). Based upon the Court's inquiry into the nature of the problems with the attorney-client relationship, the Court believes that the appointment of new counsel is likely to resolve the conflict rather than prolong it. At the October 12, 2006, hearing, Attorney Chuck Burks appeared and agreed to accept representation of Defendant. The Court therefore and hereby substitutes and appoints Mr. Burks under the Civil Justice Act (CJA) as counsel of record for Defendant.

At the hearing, Defendant made an oral motion to continue the impending October 18, 2006, trial in order that Mr. Burks might have time to prepare for trial. The Court finds Defendant's oral motion for a continuance to be well taken and finds that the ends of justice served by granting the motion outweigh the best interest of the public and Defendant in a speedy trial. 18 U.S.C. § 3161(h)(8)(A). Noting the swiftly approaching October 18, 2006, trial date, the Court finds that the failure to grant a continuance would deprive Defendant's counsel of adequate time to prepare for trial. 18 U.S.C. § 3161(h)(1)(F). The Court finds that Mr. Burks could not make the appropriate preparations before the current October 18, 2006, trial date or in less than approximately three (3) months. The Court finds that if the continuance were not granted a miscarriage of justice

would occur. 18 U.S.C. 3161(h)(8)(B)(i). Accordingly, the Court **GRANTS** Defendant's oral motion to continue the trial.

In light of these findings and its granting of Defendant's oral motion to continue the trial, the Court set a new trial date of **January 17, 2007**. The Court also finds, and the parties agreed, that all the time between the October 12, 2006, hearing and the new trial date of January 17, 2007, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(1)(F), and (h)(8)(A)-(B). With regard to further scheduling, no further pretrial conferences shall be scheduled at this time. If Defendant finds it necessary to file further motions before trial, Defendant shall file a Motion for Leave to File Out of Time, attaching a copy of the motion(s) Defendant seeks leave to file.

Accordingly, it is **ORDERED:**

(1) Defendant's Motion To Withdraw as Counsel [**Doc. 33**] is **GRANTED**;

(2) Attorney Jonathan A. Moffatt is **RELIEVED** of his representation of Defendant, and Attorney Chuck Burks is **SUBTITUTED** as Defendant's CJA attorney of record;

(3) The Court **GRANTS** Defendant's oral motion to continue the October 18, 2006, trial;

(4) The trial of this matter is reset to commence on January 17, 2007, at 9:00 a.m., before the Honorable R. Leon Jordan, United States District Judge;

(5) All time between the **October 12, 2006**, hearing and the new trial date of **January 17, 2007**, is fully excludable time under the Speedy Trial Act for the reasons set forth above; and

(6) No new motion deadlines or further pretrial conferences shall be set at this time.  If Defendant finds it necessary to file further motions before trial, Defendant shall file a Motion for Leave to File Out of Time, attaching a copy of the motion(s) Defendant seeks leave to file.

**IT IS SO ORDERED.**

          ENTER:

           s/ C. Clifford Shirley, Jr.
          United States Magistrate Judge